

PHILIP D. MURPHY
*Governor*

TAHESHA L. WAY
*Lt. Governor*

*State of New Jersey*
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
PO Box 45029
Newark, NJ 07101

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL C. WALTERS
*Director*

January 16, 2026

**VIA ECF**
Honorable Georgette Castner, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street, Court Room 5E
Trenton, New Jersey 08608

> Re: *Republican National Committee v. Tahesha Way*,
>     Civil Action No. 25-17612 (GC) (JTQ)

Dear Judge Castner:

Under Your Honor's individual rules and procedures, Defendant Tahesha Way, in her official capacity as Secretary of State of New Jersey, writes to request a pre-motion conference before moving to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). If the Court determines that a pre-motion conference is unnecessary and directs the parties to proceed to briefing, Defendant respectfully requests at least two weeks from the date of any such order to file her moving papers.

## I. Background

Plaintiff Republican National Committee ("RNC") asserts a single claim under the National Voter Registration Act's ("NVRA") public-inspection provision, 52 U.S.C. § 20507(i), alleging that New Jersey's Division of Elections



has not adequately responded to document demands sent on March 25, 2025, and June 16, 2025. Those demands are vast and overlapping, seeking records across eighteen broad categories (with 62 subparts) dating back to March or June 2023. Compl., ECF No. 1, Exs. A & D.

In response, the Division of Elections provided three substantial sets of records. *See id.*, Exs. G & H. The Division has also repeatedly corresponded with the RNC to provide updates, assert lawful objections, explain when certain records do not exist, and attempt in good faith to clarify any remaining demands. *See, e.g.*, *id.*, Exs. C, G, H.

Rather than meaningfully engage in that process, the RNC sued. On July 17, 2025, it first filed suit in New Jersey Superior Court under New Jersey's Open Public Records Act. *See Republican Nat'l Comm. v. Division of Elections*, Docket No. MER-L-1499-25 (N.J. Super. Law Div. July 17, 2025). That case remains ongoing. The RNC then initiated this federal action four months later based on the same March 2025 demands. The RNC alleges here that the Division violated the NVRA by not producing certain records. But the complaint is an improper attempt at serial litigation that does not plausibly vindicate any genuine statutory right. So the complaint should be dismissed.

## II. Discussion

Defendant's motion will seek dismissal under both Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim.

The complaint fails at the outset because the RNC has not plausibly alleged Article III standing. The RNC appears to assume that it is injured merely because it did not receive every document it (unreasonably) demanded. That assumption is wrong. As the Third Circuit recently explained in this exact context, it "is insufficient for Article III standing purposes for a plaintiff asserting an informational injury from a violation of a statute that contains a public disclosure aspect" to "allege only that he has been denied information." *Pub. Int. Legal Found. v. Sec'y Commonwealth of Pa.*, 136 F.4th 456, 465 (3d Cir. 2025).

The complaint also fails on the merits. First, the NVRA's public-inspection provision requires only "public inspection and, where available, photocopying" of physical records. *See* 52 U.S.C. § 20507(i)(1). It does not require—as the RNC has

repeatedly demanded—the production of electronic documents on a rolling basis akin to civil litigation. *Contra* Compl. ¶ 11. Second, the RNC failed to satisfy the NVRA's pre-suit notice requirement with respect to its June 2025 demands. 52 U.S.C. § 20510(b)(1). And third, the RNC insists on the production of records that indisputably do not exist, even though the statute only obligates election officials to "make available" records that *already* exist. *Id.* § 20507(i)(1).

Finally, the case should be dismissed (or, at the very least, stayed) given the ongoing state proceedings. Various doctrines preclude exactly what RNC has done here: run to federal court on the same subject as a state-court suit because it is dissatisfied with the earlier-filed state proceedings. *See, e.g.*, *Grippi v. Keith*, Civ. No. 22-02640, 2024 WL 2058380, at *5 (D.N.J. May 8, 2024) (Castner, J.) ("The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding."); *Brunetta v. Egg Harbor Twp. Sch. Dist.*, Civ. No. 22-7511, 2023 WL 5274529, at *5 n.4 (D.N.J. Aug. 16, 2023) ("Where a second action is filed in another forum to manipulate the system or to forum shop, New Jersey courts have applied the entire controversy doctrine to mandate dismissal of the second action—even where the first action remains pending."). So this action should be dismissed without prejudice (or stayed) pending final resolution of the state-court proceedings.

For these reasons and others that will be developed in full motion practice, Defendant respectfully requests leave to move to dismiss the complaint.

                      Respectfully submitted,

                      MATTHEW J. PLATKIN
                      ATTORNEY GENERAL OF NEW JERSEY

By:   */s/Meghan K. Musso*
        Meghan K. Musso
        Deputy Attorney General

cc: Counsel of Record (via ECF)